# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-0495V
UNPUBLISHED

| | |
|---|---|
| CHARLES MARION,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Chief Special Master Corcoran<br><br>Filed: May 9, 2022<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs;<br>Reasonable Basis; Influenza (Flu)<br>Vaccine; Shoulder Injury Related to<br>Vaccine Administration (SIRVA) |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Claudia Barnes Gangi*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 3, 2019, Charles Marion filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a right shoulder injury related to vaccine administration ("SIRVA") caused in fact by the influenza ("flu") vaccine administered to him on August 13, 2016.  Petition at 1, ¶¶ 2, 14.

On October 27, 2020, I issued a decision dismissing Petitioner's case based upon several deficiencies - including the fact that the evidence supported a finding that Petitioner received the flu vaccine alleged as causal in his *left,* rather than *right* deltoid

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

(even though the latter was deemed the injured arm). ECF No. 27. Judgment entered on December 2, 2020. ECF No. 29.

On March 23, 2021, Petitioner filed a motion for attorney's fees and costs, requesting an award of $12,897.51. ECF No. 30. Maintaining that Petitioner lacked a reasonable basis for his claim, Respondent opposes an award of attorney's fees and costs. ECF No. 31. On April 14, 2021, Petitioner filed his reply, addressing Respondent's arguments and requesting an additional award of $1,560.00 for time expended preparing the reply. ECF No. 32.

For the reasons discussed below, Petitioner has failed to establish there was a reasonable basis for his claim. Thus, he is not entitled to an award of attorney's fees and costs, and the fees motion is therefore denied.

### I.   Applicable Legal Standards

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorneys' fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). As Judge Lettow noted in *Davis*, "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (2012). It may be the only federal fee-shifting statute that permits unsuccessful litigants to recover fees and costs.

However, Congress did not intend that every losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even *obtaining* fees in an unsuccessful case. The special master or court may award attorney's fees and costs in a case in which compensation was not awarded only if "that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit explained, whether a discretionary fees award is appropriate involves two distinct inquiries – a subjective one when assessing whether the petition was

brought in good faith and an objective one when ascertaining whether reasonable basis existed. *Simmons v. Sec'y of Health & Hum. Servs.,* 875 F.3d 632, 635 (quoting *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 289 (2014)). "Good faith is a subjective test, satisfied through subjective evidence." *Cottingham v. Sec'y of Health & Hum. Servs.,* 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("*Cottingham I*"). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).

Cases in which good faith has been found to be lacking often involve petitioners who failed to produce, or actively concealed, evidence undermining their claims. *Purnell-Reid v. Sec'y of Health & Hum. Servs.,* No. 18-1101V, 2020 WL 2203712 (Fed. Cl. Spec. Mstr. Apr. 6, 2020); *Crowding v. Sec'y of Health & Hum. Servs.,* No. 16-0876V, 2019 WL 1332797 (Fed. Cl. Spec. Mstr. Feb. 26, 2019); *Heath v. Sec'y of Health & Hum. Servs.*, No. 08-0086V, 2011 WL 4433646 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *Carter v. Sec'y of Health & Hum. Servs.*, No. 90-3659V, 1996 WL 402033 (Fed. Cl. Spec. Mstr. July 3, 1996).

"Additionally, a petitioner's attorney's conduct may also be relevant when evaluating good faith." *Purnell-Reid*, 2020 WL 2203712, at *6. "Counsel still have a duty to investigate a Program claim even if they reasonably find their client to be a credible individual." *Cortez v. Sec'y of Health & Hum. Servs.*, No. 09-0176V, 2014 WL 1604002, at *8 (Fed. Cl. Spec. Mstr. Mar. 26, 2014). Factors, such as a looming statute of limitations and the conduct of counsel, are properly considered when determining whether good faith exists – but *do not bear* on the claim's objective basis. *Simmons,* 875 F.3d at 636; *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018) ("the effort that an attorney makes to investigate a claim or to ensure that a claim is asserted before the expiration of the statutory limitations period . . . are properly evaluated in determining whether a petition was brought in good faith").

"Reasonable basis, on the other hand, is an objective test, satisfied through objective evidence." *Cottingham I,* 971 F.3d at 1344. The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Hum. Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Hum. Servs.,* 155 Fed. Cl. 665 at 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish *some evidence* in support of the claim.'" *Id.* (quoting *Chuisano,* 116 Fed. Cl. at 288, emphasis added in *Wirtshafter*). Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Hum. Servs.,* --- Fed. Cl. ---, 2022 WL 1162730, at *3 (Fed. Cl. 2022) (*"Cottingham II"*). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II, 2022 WL 1162730, at *3* (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. The reasonable basis which existed when a claim was filed may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

## II.     Reasonable Basis[3]

Respondent argues that the only evidence supporting Mr. Marion's assertion that he received the flu vaccine alleged as causal in his injured *right* shoulder were Petitioner's affidavit and the unsworn statement from his wife, who (along with their son) received her flu vaccine at the same time. Response to Petitioner's Application for Attorneys' Fees and Costs ("Response") at 1, 5-6; *see* Exhibit 9 (Petitioner's affidavit); Exhibit 14 (typed, but unsigned, statement from Petitioner's wife). Acknowledging that the vaccine record indicates the site of administration was Petitioner's *left* deltoid, Petitioner argues that he has provided sufficient evidence to satisfy the lower standard of reasonable basis - specifically his affidavit, his wife's statement, and information in contemporaneously created medical records even though provided by Petitioner. Petitioner's Reply to Respondent's Response ("Reply") at 3-4.

---

[3] In this Fee Decision, I am incorporating the detailed factual history which can be found in the Dismissal Decision at *Marion v. Sec'y of Health & Hum. Servs.,* No. 19-0495V, 2020 WL 7054414, at *2-4 (Fed. Cl. Spec. Mstr. Oct. 17, 2020).

As I previously stated, however, these later-provided medical histories were created more than six months post-vaccination, and are countered by Petitioner's failure to report any right shoulder pain during multiple medical visits closer in time to the vaccination at issue.[4] *Marion,* 2020 WL 7054414, at *7-8. Additionally, there is evidence showing Petitioner suffered prior right shoulder pain[5] which he has failed to counter – let alone address. *Marion,* 2020 WL 7054414, at *6-7. And the record evidence showing the site of administration was Petitioner's *left* deltoid, rather than *right* as alleged, is highly persuasive – consisting of multiple entries, one which involved a handwritten notation by the vaccine administrator. *Id.* at *11-12.

Petitioner maintains that he mentioned his post-vaccination right shoulder pain when seen by his new PCP in September 2016. Reply at 3-4; Exhibit 9 at ¶ 5 (Petitioner's Affidavit). To support this assertion, he cites the record from a call to the PCP on February 16, 2017, requesting a referral to an orthopedist for his right shoulder because he is "still having pain" (Exhibit 2 at 30). Reply at 4. However, there is no indication of the time frame for or cause of this pain. *See* Exhibit 2 at 30. Without more information, the inclusion of the term "still" is not sufficient to establish a timely complaint of right shoulder pain post-vaccination. And the medical record from the September PCP visit contains no mention of right shoulder pain, despite the performance of a full examination and ample details regarding other conditions such as Petitioner's chronic cough. *Id.* at 45-46.

Petitioner has also failed to address the evidence of prior right shoulder pain, despite being instructed to do so on multiple occasions. In his petition and affidavit, for example, Petitioner denied any prior *right* shoulder pain, acknowledging only prior *left* shoulder pain due to a fall and shoulder dislocation suffered more than 30 years earlier which required surgery.[6] Petition at ¶ 3; Exhibit 9 at ¶ 4; Exhibit 15 at 11. He provided no

---

[4] Approximately one-month post-vaccination, on September 15, 2016, Petitioner was seen by a new primary care provider ("PCP") due to his move from Birmingham to Huntsville, Alabama and need for a cardiologist. Exhibit 11 at 45. At this visit, he reported only that he suffered from a chronic cough and enlarged aorta, and did not mention any right shoulder pain. *Id.* at 45-46. He again failed to mention any right shoulder pain at subsequent visits to an urgent care clinic for a rash on November 21, 2016, and to a cardiologist for his enlarged aorta, high blood pressure, and high cholesterol on December 2, 2016. Exhibit 12 at 7 (urgent care clinic); Exhibit 2 at 20-29 (cardiologist).

[5] Petitioner appears to have suffered left knee and right shoulder pain in 2012 and 2013. By late January 2013, Petitioner's right shoulder pain was described as resolved, but she continued to experience the left knee pain. Exhibit 8 at 15. By early February 2014, both left knee and right shoulder were characterized as resolved. Exhibit 7 at 14.

[6] Considerations such as Petitioner's assertion that he suffered no prior right shoulder pain and failure to properly address the entries describing right shoulder pain in 2012-13 or to initially provide documentation showing the site of administration are weighed when determining whether the petition was filed in good faith. *See Simmons,* 875 F.3d 632 (for a discussion regarding the differences between good faith and reasonable basis). Because Respondent has not argued that the petition lacked good faith in this case, a further discussion of that requirement is not warranted.

evidence to distinguish his later right shoulder pain and bursitis from the right shoulder pain he suffered in 2012-13.

The record in this case indicates Petitioner experienced left knee and right shoulder pain in 2012-13, received a flu vaccine in his *left* uninjured deltoid in August 2016, and did not complain of any later right shoulder pain until more than six months post-vaccination. Only then did Petitioner assert right shoulder pain based on a right-arm vaccination. The only other evidence, in addition to Petitioner's later assertions, which supports this aspect of his claim is a statement purported to be from his wife. Exhibit 14. However, the statement contains only Teresa Marion's typed name – it is not notarized or even signed by Mrs. Marion. *Id.* at 2. Even applying the lower standard required for reasonable basis (as well as the Program's allowance of evidence that would not in other contexts be permitted at all), this statement and the later assertions from Petitioner are not sufficient.

### III. Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs even to an unsuccessful litigant as long as the litigant establishes the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought. Section 15(e)(1). In this case, Petitioner has not established there was a reasonable basis for filing his claim. **Petitioner's motion for attorney's fees and costs is DENIED.**

The clerk of the court is directed to enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

                                               **s/Brian H. Corcoran**
                                               Brian H. Corcoran
                                               Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.